UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00291-FDW-DCK

| POPPI KUSH SWINDELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHARLOTTE MECKLENBURG BOARD OF EDUCATION, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff Poppi Kush Swindell's ("**Plaintiff**") Motion for Entry of Default, (Doc. No. 7), and Motion for Default Judgment, (Doc. No. 8). The facts supporting the motion are not in dispute. Plaintiff filed his Complaint against Defendant Charlotte Mecklenburg Board of Education ("**Defendant**") on June 29, 2022. (Doc. No. 1). Plaintiff then served Defendant with the Summons and Complaint on July 5, 2022. (Doc. No. 3). Defendant filed its Answer to Plaintiff's Complaint on July 26, 2022, (Doc. No. 6), along with a Motion to Consolidate This Case with another matter pending before this Court and a Memorandum in Support of the Motion to Consolidate, (Doc. No. 4–5). On July 27, Plaintiff filed his Motion for Entry of Default and Motion for Default Judgment, wherein Plaintiff requests the entry of default and default judgment pursuant to Rules 55(a) and 55(b)(1) of the Federal Rules of Civil Procedure on the grounds that Defendant had yet to file a responsive pleading. (Doc. No. 7; Doc. No. 8). Defendant then filed its Response in Opposition to Plaintiff's Motions on August 4, 2022, (Doc. No. 13), and Plaintiff filed his Reply on August 11, 2022, (Doc. No. 15).

1

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint." Rule 55(a) of the Federal Rules of Civil Procedure further provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However,

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2682 (3d ed. 2006)). Finally, Rule 55(b)(1) establishes that if a "plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." FED. R. CIV. P. 55(b)(1). Thus, the entry of default judgment is proper only where two requirements are met: (1) the defendant has failed to appear, and (2) the claim is for a sum certain. Id.

Applying these same principles to the facts at bar, the Court finds no justification for entry of default against Defendant. Defendant has plead as provided by the Federal Rules of Civil Procedure, and as such entry of default is improper. Further, because Defendant has appeared in this matter, entry of default judgment is also inappropriate at this junction. Accordingly, the Court

DENIES Plaintiff's Motion for Entry of Default, (Doc. No. 7), and Plaintiff's Motion for Default Judgment, (Doc. No. 8).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default, (Doc. No. 7), and Plaintiff's Motion for Default Judgment, (Doc. No. 8), are hereby DENIED.

IT IS SO ORDERED.

Signed: January 11, 2023

Frank D. Whitney
United States District Judge